IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CR-153-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JERRELL YEOMAN | ) | |

This matter comes before the Court on what it construes as defendant's pro se motion to defer payment of his restitution. [DE 285]. The government has responded in opposition [DE 288] and the matter is ripe for ruling. For the reasons stated herein, the motion is DENIED.

## BACKGROUND

On February 8, 2012, defendant pled guilty to conspiracy to rob and robbing a business engaged in interstate commerce, both in violation of 18 U.S.C. § 1951, and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). A criminal judgment was entered in this matter on August 21, 2012. Defendant's sentence included a total prison term of 150 months, followed by a total of five years of supervised release, a special assessment of $300 and restitution in the amount of $11.674.49. The Court ordered that defendant and his two co-defendants be held jointly and severally liable for the restitution, and that payment was due and payable in full immediately, but if defendant was unable to pay, the payments could be made through the Inmate Fiscal Responsibility Program (IFRP) while defendant remained incarcerated. On September 22, 2014, defendant filed the instant motion, in which he requests that the Court defer restitution payments until after his release from prison.

## DISCUSSION

In the case at bar, the Court did not set a schedule for payment of restitution. The Court instead ordered that the judgment was due and payable in full immediately. This language allows the United States to use any legal means necessary to collect the special assessment and restitution. The Court also specified that if the fine was not paid immediately, it could be collected through the IFRP as administered by the Bureau of Prisons.

The Fourth Circuit has made it clear that the provisions of the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. §§ 3663A and 3664, should be strictly construed, and that modifications should only be allowed where specifically provided for in that statute. *United States v. Roper*, 462 F.3d 336 (4th Cir. 2006). "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010 (quoting 18 U.S.C. § 3582(b)).

Here, defendant has neither cited nor briefed any statute or rule allowing for a modification of the judgment. Therefore, this Court is without authority to modify the final judgment as requested by defendant. Because defendant has cited no authority for the Court to modify its original judgment, his motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

SO ORDERED, this __6__ day of November, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2